FILED

August 19, 2015

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:45 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Shelton Marzette,<br>　　　　　Employee,<br>v.<br>Pat Salmon and Sons, Inc.,<br>　　　　　Employer,<br>And<br>Ace American Insurance Co.,<br>　　　　　Insurance Carrier. | ) Docket No.: 2014-08-0058<br>)<br>) State File No.: 61901-2014<br>)<br>) Date of Injury: July 31, 2014<br>)<br>) Judge: Jim Umsted<br>)<br>) |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge on August 17, 2015, upon the Request for Expedited Hearing filed by Shelton Marzette (Mr. Marzette), the Employee, on July 21, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014) to determine if the Employer, Pat Salmon and Sons, Inc. (Salmon), is obligated to provide medical and/or temporary disability benefits. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Marzette is entitled to additional medical benefits.

## ANALYSIS

### Issues

The issues to be determined are:

1. Whether Mr. Marzette's claim is compensable;
2. Whether Mr. Marzette sustained an injury that arose primarily out of and in the course and scope of employment with Salmon;
3. Whether Salmon is obligated to pay for any past medical expenses and/or mileage;
4. Whether Mr. Marzette is entitled to additional medical care as recommended by a physician; and

1

5. Whether Mr. Marzette is entitled to any past or future temporary total disability benefits, and if so, in what amount.

## Evidence Submitted

The Court admitted into evidence the exhibits below:

1. Affidavit of Mr. Marzette dated July 20, 2015;
2. Form C-20 First Report of Work Injury;
3. Form C-41 Wage Statement;
4. Form C-23 Notice of Denial of Claim for Compensation;
5. Form C42 Agreement between Employer/Employee Choice of Physician;
6. Correspondence from Dr. Julia Archer at the Department of Veteran Affairs dated June 21, 2015;
7. FMLA approval dated August 29, 2014;
8. Letter from Mr. Marzette dated July 21, 2015, requesting that Michael Hawkins appear at the Expedited Hearing;
9. Medical Records of VA Medical Center in Memphis;
10. Medical Records of Concentra Medical Centers.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), filed December 29, 2014;
- Petition for Benefit Determination (PBD), filed July 8, 2015;
- Dispute Certification Notice (DCN), filed July 21, 2015;
- Request for Expedited Hearing, filed July 21, 2015;
- Salmon's position statement, filed January 14, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

Mr. Marzette provided in-person testimony.

## Stipulations of the Parties

Prior to this Expedited Hearing, the parties stipulated, as follows:

1. Salmon is an employer as defined by the Tennessee Workers' Compensation Law;

2. Mr. Marzette is an employee of Salmon as defined by the Tennessee Workers' Compensation Law;

2

3. Mr. Marzette's average weekly wage (AWW) is $1,146.99, and his weekly compensation rate (CR) is $764.66; and,

4. Mr. Marzette was performing duties for Salmon on July 31, 2014, when he felt a pop in his ear and became dizzy.

## History of Claim

Mr. Marzette is a fifty-one-year-old resident of Shelby County, Tennessee, who works for Salmon as a truck driver. He testified that he sustained an injury to his hearing on July 31, 2014, while working for Salmon driving a truck in Denver, Colorado. He described the injury as a pop in his ears causing hearing loss and vertigo.

Mr. Marzette testified that he immediately notified Salmon of his injury, even though Form C-20 (First Report of Injury) indicated that Mr. Marzette notified Salmon on August 8, 2014. Form C-20 described the injury as "[d]riving into Colorado, left ear popped and driver became sick."

Salmon gave Mr. Marzette a panel of physicians (Form C-42). The panel included the following physicians:

1. Concentra Medical Center (Concentra);
2. Mark Harriman, MD – Orthopedic;
3. Thomas Gill, DC – Chiropractor; and
4. James Varner, MD – Orthopedic.

Prior to receiving this panel, Mr. Marzette obtained medical treatment on his own at the Veterans' Administration Medical Center (VAMC) in Memphis. Thereafter, on August 8, 2014, Mr. Marzette selected Concentra from the panel. On the same day, Mr. Marzette went to Concentra, where he saw Dr. James Rucker.

Dr. Rucker's report indicated that Mr. Marzette began experiencing dizziness and decreased hearing while on a trip to Denver, Colorado for work nine days earlier. Dr. Rucker diagnosed "conductive hearing loss, inner ear." In his report, Dr. Rucker stated, "[I]t is my opinion that this is not a work caused condition. This problem could begin at any elevation and could begin at work or off duty. It is my opinion that this reported condition is unlikely work related." Dr. Rucker did not provide any treatment for Mr. Marzette's injury but noted that Mr. Marzette "should continue receiving testing and treatment by ENT whose care he is already under." Dr. Rucker also noted the following work restrictions:

- May not function in a safety sensitive position. No DOT driving;
- Unable to drive company vehicle;

- Unable to drive or operate machinery; and
- No climbing or ladders.

Based on Dr. Rucker's opinion, Salmon denied Mr. Marzette's claim on the basis that it did not arise out of his employment. Salmon filed a Form C-23 (Notice of Denial) on August 25, 2014, stating that it denied the claim because "injury did not arise out of his employment."

Mr. Marzette testified that he has been unable to work since the accident and that he remains under the care of physicians at the VAMC. Mr. Marzette submitted a letter from a physician at the VAMC, Dr. Julia Archer, who stated "[Mr. Marzette] requested I write a letter telling you that a change in barometric pressure can cause vertigo. That is true."

## Mr. Marzette's Contentions

Mr. Marzette contends that the change in barometric pressure, caused by the change in altitude driving from Memphis to Denver, resulted in an injury to his ears with hearing loss and vertigo. He asserts that he is entitled to medical benefits and temporary disability benefits. He objects to the opinion of Dr. Rucker because the panel of physicians was not valid. His injury complaint was a hearing injury, but the panel contained two orthopedic physicians and a chiropractor, none of whom treat hearing injuries. This left him with the only possible selection on the panel, Concentra.

## Salmon's Contentions

Salmon contends that Mr. Marzette received a panel of physicians, from which he chose Concentra Medical Center. He saw Dr. Rucker at Concentra, and Dr. Rucker opined "this is not a work caused condition." Accordingly, Salmon argues that it properly denied the claim because the injury did not arise out of his employment.

## Findings of Fact and Conclusions of Law

### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward

with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

*Factual Findings*

Considering all admissible evidence, including the testimony of Mr. Marzette, the Court finds that on July 31, 2014, Mr. Marzette was driving a truck in Denver, Colorado, as an employee of Salmon. He felt a pop in his ears, with pain, vertigo and loss of hearing. Mr. Marzette immediately notified Salmon by telephone of his injury. Mr. Marzette began treatment at the VAMC and received a panel of physicians from Salmon on August 8, 2014. The panel included two orthopedic physicians, one chiropractor, and Concentra, a general-practice physicians group. He selected Concentra from the panel and saw Dr. Rucker at Concentra on August 8, 2014. Dr. Rucker did not provide any treatment for Mr. Marzette's injury, but opined that the hearing injury was not a work-caused condition. Dr. Rucker also opined that this injury could begin at any elevation. Dr. Archer at VAMC opined that a change in barometric pressure could cause vertigo.

*Application of Law to Facts*

*Compensability*

The first issue the Court must address is the compensability of Mr. Marzette's injury. The Workers' Compensation Law does not require an employee to present medical proof of an injury before an employer is required to provide medical benefits. Rather, the statute contemplates that during the course of treatment and examination, the panel doctor will render an opinion on causation. *See* Tenn. Code Ann. § 50-6-102(13) (2014). Otherwise, an employee would be forced to seek medical care on his own to begin a claim, which the statute does not contemplate.

According to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2014), the employer shall furnish such medical treatment made reasonably necessary by an accident as defined in this chapter. Also, according to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2014), the employer shall designate a group of three or more independent reputable physicians from which the injured employee shall select one to be the treating physician.

The Court finds that the panel of physicians offered by Salmon was defective. It contained two orthopedic physicians and a chiropractor, none of whom would be expected to treat hearing-loss injuries. This only left one physician, Dr. Rucker at Concentra, available for selection by Mr. Marzette. Tennessee Code Annotated section 50-6-102(13)(E) (2014) provides that the opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to Tennessee Code Annotated section 50-6-204(a)(3) (2014), shall be presumed correct on the issue of

causation, but this presumption shall be rebuttable by a preponderance of the evidence. In this case, because the panel was defective, Dr. Rucker's opinion is not entitled to a presumption of correctness.

Dr. Rucker reported that the injury was not work-related, apparently because "[t]his problem could begin at any elevation and could begin at work or off duty." The Court found that Mr. Marzette's problem did begin while he was on duty, thereby eliminating part of Dr. Rucker's analysis. This leaves the remainder of his opinion that "this problem could begin at any elevation." It is not clear to the Court what Dr. Rucker suggested. The Court found that the injury occurred in Denver, which is a higher elevation than Memphis. It is unclear whether Dr. Rucker meant that a change in elevation cannot be a factor, or simply that anything is possible. This is particularly confusing, in view Dr. Archer's opinion that a change in barometric pressure could cause vertigo.

The Court recognizes that, to date, there is no medical opinion establishing that Mr. Marzette's injury arose primarily out of his employment. However, the Court also recognizes Mr. Marzette did not receive a proper panel or any medical treatment for his injury. In the absence of medical proof that the injury arose primarily out of the employment, Mr. Marzette cannot establish causation for the payment of temporary benefits or entitlement to additional medical benefits under the statute. Dr. Rucker opined that Mr. Marzette should follow-up with testing and treatment with ENT specialists. This persuades the Court that, in order to resolve the issue of compensability, it is necessary for Salmon to provide a panel of physicians who specialize in treating hearing injuries.

**IT IS, THEREFORE, ORDERED** as follows:

1. A panel of physicians specializing in treating hearing injuries shall be provided to Mr. Marzette. The selected physician shall provide an opinion on causation and, if necessary, an opinion on the period of disability from working as required by Tennessee Code Annotated section 50-6-204 (2014). Mr. Marzette or the medical providers shall furnish medical bills to Salmon or its workers' compensation carrier.

2. This matter is set for a telephonic Initial (Scheduling) Hearing on October 14, 2015, at 10:00 a.m. You may call in at 615-532-9550 or 866-943-0014.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the**

6

Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

ENTERED this the 19th day of August, 2015.

_____
Judge Jim Umsted
Court of Workers' Compensation Claims

Initial Hearing:

An Initial (Scheduling) Hearing has been set with Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll free at 866-943-0014 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be

7

made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three business days of the filing of the appellant's position statement.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 19th day of August, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Shelton Marzette, Employee | | | X | ssmarzette63@gmail.com |
| Frank B. Thacher, III, Esq. | | | X | fthacher@bpilaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov